**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**SAVTIRA CORPORATION**  Case No.:  8:12-bk-06471-CPM
a/k/a Savtira Corporation of Delaware,  Chapter 7

    **Debtor.**
_____/

**DOUGLAS N. MENCHISE, as**
**Chapter 7 Trustee for Savtira Corporation,**

    **Plaintiff.**  Adv. Pro. No. _____

**v.**

**TIMOTHY MUNRO ROBERTS,**

    **Defendant,**
_____/

**COMPLAINT FOR DAMAGES AND RELATED RELIEF**

Douglas N. Menchise, as Chapter 7 Trustee for the estate of Savtira Corporation a/k/a Savtira Corporation of Delaware (the "Trustee"), sues Defendant, Timothy Munro Roberts, and alleges:

1.    This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2.    This is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2).  This Court has jurisdiction pursuant to 28 U.S.C. §§1334 and 157.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4.    Douglas N. Menchise is the duly appointed Chapter 7 Trustee of the estate

of Savtira Corporation ("Debtor").

5. Upon information and belief, Defendant Timothy Munro Roberts is an individual residing in St. Louis, Missouri ("Defendant").

## Background Facts

6. On April 27, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").[1]

7. On July 26, 2012, the Court entered an order converting the cases to Chapter 7. Douglas N. Menchise was appointed the Chapter 7 trustee.

8. The Debtor was a software development company that operated out of a leased office in Ybor City, Florida.

9. At all times relevant to this proceeding, Defendant was an officer, director and shareholder of the Debtor. As such, Defendant is an insider of the Debtor as that term is defined in 11 U.S.C. § 101(31)(B).

10. At all times relevant to this Complaint, the Debtor was insolvent insofar as its liabilities exceed its assets, it was unable to pay its debts as they came due, and for other reasons.

11. In particular, upon information and belief, the Debtor was never adequately capitalized, never developed a reliable stream of revenues or a salable product, and relied on shareholder investment to fund its operating costs.

12. The Debtor and/or the Defendant caused at least $156,130.12 (the "Funds") to be transferred from the Debtor's bank accounts to the Defendant, purportedly

---

[1] The time to commence this action was enlarged by Court order to October 31, 2014 (see Doc. 397).

as payment of salary, shareholder distributions or for other reasons (the "Transfers"), prior to the Petition Date. The Transfers to the Defendant of which the Trustee is presently aware as of the filing of this Complaint are detailed on **Exhibit "A,"** attached hereto and incorporated by reference.

13. The Trustee anticipates that a full accounting of transfers made to or for the benefit of the Defendant by or on behalf of the Debtor will reveal additional funds transferred to or for the benefit of the Defendant. Any such additional amounts are expressly included in the above-defined terms Funds and Transfers.

## COUNT I
### Request for an Accounting

14. The Trustee re-alleges and incorporates paragraphs 1-13 as if fully set forth herein.

15. In order to accurately determine the scope of all transfers by or on behalf of the Debtor to or for the benefit of the Defendant which are or should be the subject of this action, the Trustee will need and is entitled to an accounting of all transfers made to or for the benefit of the Defendant by or on behalf of the Debtor, including but not limited to all transactions which served as distributions or to reimburse, repay or otherwise compensate the Defendant during the years preceding the Petition Date and thereafter.

16. The Trustee anticipates that such accounting will reveal additional transfers and therefore reserves the right to amend this Complaint should facts be discovered pursuant to the accounting sought herein, or otherwise, which justify the assertion of additional avoidable preferences, payments, transfers and other claims,

including but not limited to any and all claims arising under the Bankruptcy Code and/or any applicable state or federal law.

WHEREFORE, the Trustee requests that the Court enter judgment requiring the Defendant to provide the Trustee with the accounting requested herein, and awarding the Trustee such other and further relief as this Court deems just and appropriate.

## COUNT II
### Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A)

17. The Trustee re-alleges and incorporates paragraphs 1-13 as if fully set forth herein.

18. The Funds constituted an interest of the Debtor in property.

19. The Transfers occurred on or within two years of the Petition Date.

20. The Debtor made the Transfers to the Defendant with the actual intent to hinder, delay or defraud its creditors as evidenced by the following badges of fraud: (1) the Transfers were made to an insider; (2) the value, if any, of the consideration received by the Debtor in exchange for the Transfers was not reasonably equivalent to the value of the Funds; and (3) the Debtor was insolvent or became insolvent shortly after some or all of the Transfers were made.

21. The Trustee is entitled to avoid the Transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment avoiding the Transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code, and awarding the Trustee such other and further relief as this Court deems just and appropriate.

**COUNT III**
**Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B)**

22. The Trustee re-alleges and incorporates paragraphs 1-13 as if fully set forth herein.

23. The Funds constituted an interest of the Debtor in property.

24. The Transfers occurred on or within two years of the Petition Date.

25. The Debtor received less than reasonably equivalent value—and perhaps no value at all—in exchange for the Transfers.

26. At the time of the Transfers, and with the Defendant's knowledge and consent, the Debtor was insolvent or was rendered insolvent as a result of the Transfers.

27. At the time of the Transfers, and with the Defendant's knowledge and consent, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

28. At the time of the Transfers, and with the Defendant's knowledge and consent, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

29. The Trustee is entitled to avoid the Transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment avoiding the Transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, and awarding the Trustee such other and further relief as this Court deems just and appropriate.

### COUNT IV
### Avoidance of the Transfers Pursuant to
### 11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(a)

30. The Trustee re-alleges and incorporates paragraphs 1-13 as if fully set forth herein.

31. The Funds constituted an interest of the Debtor in property.

32. The Transfers were made prior to the Petition Date.

33. The Debtor had creditors in existence at the time of the Transfers and at all times up to the Petition Date.

34. The Debtor made the Transfers with the actual intent to hinder, delay or defraud a creditor of the Debtor as evidenced by the following badges of fraud: (1) the Transfers were made to an insider; (2) the value, if any, of the consideration received by the Debtor in exchange for the Transfers was not reasonably equivalent to the value of the Funds; and (3) the Debtor was insolvent or became insolvent shortly after the Transfers were made.

35. The Trustee is entitled to avoid the Transfers pursuant to 544(b) of the Bankruptcy Code and Fla. Stat. § 726.105(1)(a).

WHEREFORE, the Trustee requests that the Court enter judgment avoiding the Transfers pursuant to Section 544(b) of the Bankruptcy Code and Fla. Stat. §

726.105(1)(a), and awarding the Trustee such other and further relief as this Court deems just and appropriate.

## COUNT V
### Avoidance of the Transfers Pursuant to
### 11 U.S.C. § 544(b) and Fla. Stat. §§ 726.105(1)(b) and 726.106(1)

36. The Trustee re-alleges and incorporates paragraphs 1-13 as if fully set forth herein.

37. The Funds constituted an interest of the Debtor in property.

38. The Transfers were made prior to the Petition Date.

39. The Debtor had creditors in existence at the time of the Transfers and at all times up to the Petition Date.

40. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

41. At the time of the Transfers, and with the Defendant's knowledge and consent, the Debtor was insolvent or was rendered insolvent as a result of the Transfers.

42. At the time of the Transfers, and with the Defendant's knowledge and consent, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

43. At the time of the Transfers, and with the Defendant's knowledge and consent, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

44. The Trustee is entitled to avoid the Transfers pursuant to Section 544(b) of the Bankruptcy Code and Fla. Stat. §§ 726.105(1)(b) and 726.106(1).

WHEREFORE, the Trustee requests that the Court enter judgment avoiding the Transfers pursuant to Section 544(b) of the Bankruptcy Code and Fla. Stat. §§ 726.105(1)(b) and 726.106(1), and awarding the Trustee such other and further relief as this Court deems just and appropriate.

### COUNT VI
### Avoidance of the Transfers Pursuant to 11 U.S.C. § 547(b)

45. The Trustee re-alleges and incorporates paragraphs 1-13 as if fully set forth herein.

46. The Funds constituted an interest of the Debtor in property.

47. The Defendant was a creditor of the Debtor at the time of the Transfers.

48. The Transfers were made to or for the benefit of the Defendant on account of antecedent debts (the "Debts") owed by the Debtor to the Defendant.

49. The Defendant was an insider of the Debtor at the time of the Transfers.

50. The Debtor was insolvent at the time of the Transfers.

51. Some or all of the Transfers occurred on or within one year of the Petition Date.

52. The Transfers enabled the Defendant to receive more than he would have been entitled to if: (i) the the Debtor Case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) the Defendant received payment of the Debts to the extent provided by the Bankruptcy Code.

53. The Trustee is entitled to avoid the Transfers pursuant to Section 547 of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment avoiding the Transfers pursuant to Section 547(b) of the Bankruptcy Code, and awarding the Trustee such other and further relief as this Court deems just and appropriate.

### COUNT VII
### Recovery of the Avoided Transfers Pursuant to 11 U.S.C. § 550(a)(1)

54. The Trustee re-alleges and incorporates paragraphs 1-13, 18-21, 23-29, 31-35, 37-44 and 46-53 as if fully set forth herein.

55. The Defendant was the initial transferee of the Transfers and/or the person for whose benefit the Transfers were made.

56. The Trustee is entitled to recover the Funds or the value of the Funds from the Defendant pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment finding the Defendant liable for an amount equal to the total amount of the Funds pursuant to § 550 of the Bankruptcy Code and entering a judgment against the Defendant and in favor of the Trustee in an amount to be determined at trial, and awarding the Trustee such other and further relief as this Court deems just and appropriate.

### COUNT VII
### Liability for Unlawful Distributions Pursuant to Fla. Stat. § 607.0834

57. The Trustee re-alleges and incorporates paragraphs 1-13, 18-21 and 23-29

as if fully set forth herein.

58. The Defendant was at all times relevant to this count a director of the Debtor.

59. Prior to the Petition Date, the Debtor made distributions to shareholders which, in light of the financial condition of the Debtor, were in violation of § 607.06401(3).

60. As a director of the Debtor at the time of the referenced distributions, the Defendant is liable to the Trustee for the amount of such distributions pursuant to Fla. Stat. § 607.0834.

WHEREFORE, the Trustee requests that this Court enter judgment against the Defendant establishing the Defendant's liability for violating Fla. Stat. § 607.0834 in an amount to be proven at trial, and for such other relief as this Court deems just and appropriate and to which the Trustee may be entitled.

Dated: October 31, 2014

                                             **SHUMAKER, LOOP & KENDRICK, LLP**

                                             /s/ Steven M. Berman
                                             **STEVEN M. BERMAN, ESQ.**
                                             Florida Bar No. 856290
                                             sberman@slk-law.com
                                             **HUGO S. deBEAUBIEN, ESQ.**
                                             Florida Bar No. 058100
                                             bdebeaubien@slk-law.com
                                             101 E. Kennedy Blvd., Suite 2800
                                             Tampa, FL 33602
                                             Phone: 813-229-7600
                                             Fax: 813-229-1660
                                             *Counsel for the Chapter 7 Trustee*

# EXHIBIT A

TIMOTHY ROBERTS TRANSFERS

| Date | Acct | Institution | Amount | Recipient |
|---|---|---|---|---|
| 1/11/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 1/13/2011 | -5771 | BANK OF AMERICA | $400.00 | Timothy Roberts |
| 1/18/2011 | -5771 | BANK OF AMERICA | $100.00 | Timothy Roberts |
| 1/28/2011 | -5771 | BANK OF AMERICA | $700.00 | Timothy Roberts |
| 1/28/2011 | -5771 | BANK OF AMERICA | $300.00 | Timothy Roberts |
| 2/8/2011 | -5771 | BANK OF AMERICA | $2,000.00 | Timothy Roberts |
| 2/9/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 2/11/2011 | -5771 | BANK OF AMERICA | $500.00 | Timothy Roberts |
| 2/14/2011 | -5771 | BANK OF AMERICA | $500.00 | Timothy Roberts |
| 2/22/2011 | -5771 | BANK OF AMERICA | $500.00 | Timothy Roberts |
| 2/25/2011 | -5771 | BANK OF AMERICA | $200.00 | Timothy Roberts |
| 3/1/2011 | -5771 | BANK OF AMERICA | $200.00 | Timothy Roberts |
| 3/11/2011 | -5771 | BANK OF AMERICA | $700.00 | Timothy Roberts |
| 3/14/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 3/18/2011 | -5771 | BANK OF AMERICA | $2,500.00 | Timothy Roberts |
| 3/22/2011 | -4463 | SVB | $375.00 | Timothy Roberts |
| 3/24/2011 | -5768 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 3/31/2011 | -5771 | BANK OF AMERICA | $1,500.00 | Timothy Roberts |
| 4/4/2011 | -5771 | BANK OF AMERICA | $1,500.00 | Timothy Roberts |
| 4/5/2011 | -4463 | SVB | $1,000.00 | Timothy Roberts |
| 4/8/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 4/12/2011 | -5768 | BANK OF AMERICA | $1,200.00 | Timothy Roberts |
| 4/14/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 4/15/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 4/20/2011 | -5771 | BANK OF AMERICA | $1,500.00 | Timothy Roberts |
| 4/22/2011 | -5771 | BANK OF AMERICA | $1,500.00 | Timothy Roberts |
| 4/25/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 4/26/2011 | -4463 | SVB | $2,000.00 | Timothy Roberts |
| 4/28/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 5/3/2011 | -5771 | BANK OF AMERICA | $2,000.00 | Timothy Roberts |
| 5/3/2011 | -4463 | SVB | $1,500.00 | Timothy Roberts |
| 5/4/2011 | -5771 | BANK OF AMERICA | $1,000.00 | Timothy Roberts |
| 5/5/2011 | -4463 | SVB | $500.00 | Timothy Roberts |
| 5/5/2011 | -4463 | SVB | $2,500.00 | Timothy Roberts |
| 5/23/2011 | -5771 | BANK OF AMERICA | $5,000.00 | Timothy Roberts |
| 6/3/2011 | -4463 | SVB | $2,000.00 | Timothy Roberts |
| 6/8/2011 | -5771 | BANK OF AMERICA | $5,000.00 | Timothy Roberts |
| 6/20/2011 | -4463 | SVB | $1,000.00 | Timothy Roberts |
| 6/23/2011 | -4463 | SVB | $705.20 | Timothy Roberts |
| 6/23/2011 | -4463 | SVB | $807.61 | Timothy Roberts |
| 6/30/2011 | -7431 | SVB | $3,374.73 | Timothy Roberts |
| 7/7/2011 | -4463 | SVB | $3,000.00 | Timothy Roberts |
| 7/11/2011 | -4463 | SVB | $4,000.00 | Timothy Roberts |
| 7/25/2011 | -4463 | SVB | $5,000.00 | Timothy Roberts |
| 7/29/2011 | -1414 | SUNTRUST | $3,152.56 | Timothy Roberts |

| Date | Account | Bank | Amount | Name |
|---|---|---|---|---|
| 8/15/2011 | -1414 | SUNTRUST | $7,406.71 | Timothy Roberts |
| 8/26/2011 | -1414 | SUNTRUST | $500.00 | Timothy Roberts |
| 8/31/2011 | -1414 | SUNTRUST | $3,970.75 | Timothy Roberts |
| 9/15/2011 | -1414 | SUNTRUST | $6,481.09 | Timothy Roberts |
| 9/19/2011 | -1414 | SUNTRUST | $5,000.00 | Timothy Roberts |
| 9/30/2011 | -1414 | SUNTRUST | $6,646.78 | Timothy Roberts |
| 10/7/2011 | -1414 | SUNTRUST | $500.00 | Timothy Roberts |
| 10/14/2011 | -1414 | SUNTRUST | $6,936.09 | Timothy Roberts |
| 10/28/2011 | -1414 | SUNTRUST | $6,936.09 | Timothy Roberts |
| 11/3/2011 | -2420 | SUNTRUST | $1,000.00 | Timothy Roberts |
| 11/7/2011 | -1414 | SUNTRUST | $2,000.00 | Timothy Roberts |
| 11/15/2011 | -1414 | SUNTRUST | $6,936.90 | Timothy Roberts |
| 11/30/2011 | -1414 | SUNTRUST | $6,936.09 | Timothy Roberts |
| 1/12/2012 | -1414 | SUNTRUST | $3,000.00 | Timothy Roberts |
| 1/13/2012 | -1414 | SUNTRUST | $7,164.52 | Timothy Roberts |
| 2/14/2012 | -1414 | SUNTRUST | $1,000.00 | Timothy Roberts |
| 2/14/2012 | -1414 | SUNTRUST | $2,000.00 | Timothy Roberts |
| 2/16/2012 | -1414 | SUNTRUST | $2,500.00 | Timothy Roberts |
| 3/16/2012 | -1414 | SUNTRUST | $4,000.00 | Timothy Roberts |
| 3/19/2012 | -1414 | SUNTRUST | $2,500.00 | Timothy Roberts |
| 4/6/2012 | -1414 | SUNTRUST | $1,500.00 | Timothy Roberts |
| 4/19/2012 | -1414 | SUNTRUST | $1,000.00 | Timothy Roberts |
| 4/27/2012 | -1414 | SUNTRUST | $1,500.00 | Timothy Roberts |