UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**  CASE NO.: 8:12-bk-06471-CPM

Savtira Corporation    ADVERSARY PROCEEDING NO.: 8:14-AP-00985-CPM

    Debtor(s)

Douglas N. Menchise

    Plaintiff(s)

vs.

Timothy Roberts

    Defendant(s).
_____/

**DEFENDANT'S, TIMOTHY ROBERTS,
CONSENT MOTION TO SET ASIDE DEFAULT**

    **COMES NOW**, TIMOTHY ROBERTS ("**Defendant**"), by and through undersigned counsel, and files this Motion to Set Aside Default and alleging as grounds therefore as follows; to wit,

    1. A Complaint for Damages and Related Relief against Defendant in an adversary proceeding was filed on October 31, 2014.

    2. On October 31, 2014, the clerk of this court issued a summons to be served on Defendant.

    3. On November 12, 2014, the summons was returned to the clerk alleging that Defendant was served with the Complaint.

    4. The Complaint was allegedly mailed regular, first class mail to the following

1

address: 1461 Sycamore Manor Drive, Chesterfield, MO 63017.

5. Defendant does not, nor has he ever, resided or conducted business at this address. See Affidavit of Timothy Roberts attached hereto as Exhibit "**A**."

6. Defendant currently resides in Missouri at the following address: 1030 Highlands Plaza Drive East #514, St. Louis, Missouri 63110.

7. On December 22, 2014, Plaintiff, Douglas N. Menchise, as Chapter 7 Trustee for Savtira Corporation ("**Trustee**"), filed a Motion for Clerk's Default (the "**Motion**") alleging that Defendant failed to file or serve any response to the Complaint by the due date of December 1, 2014.

8. Trustee further alleged in the Motion that the Complaint was mailed via U.S. Mail to Robert's "address or usual place of abode," see Paragraph 3 of Motion, Page 2. However, as previously indicated, Defendant never resided at this address.

9. On December 23, 2014, the clerk of this Court filed an Entry of Default Against Defendant.

10. Defendant discovered the Motion on December 22, 2014 and immediately contacted counsel.

11. "The entry of default judgment is not favored by the law and should be a rare judicial act.'" *Emmons v. Emmons (In Re Emmons)*, 349 B.R. 780, 786 (W.D. Mo. 2006) citing *Iowa Oil Co. v. T Mart Inc.*, 299 B.R. 555, 562 (Bankr. N.D. Iowa 2003); *Jones Truck Lines v. Foster's Truck & Equip. Sales (In re Jones Truck Lines)*, 63 F.3d 685, 688 (8th Cir.1995). Rather than a default, there is a strong preference for courts to adjudicate cases on the merits. *Cielinski v. Sandlin (in Re Sandlin)*, 2002 Bankr. LEXIS 1155, 5

(Bankr. M.D. Ga. Feb. 8, 2002)(stating that there is a strong policy to adjudicate cases on the merits and that any doubts should be resolved in favor of deciding cases on the merits).

12. Although counsel cited to Fed. R. Bank. P. 7704(b)(1), we can surmise that counsel meant to refer to Fed. R. Bankr. P. 7004(b)(1) which states that service of process can occur by first class mail to an "individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."

13. However, here, Defendant neither resided nor regularly conducted business where service occurred. *See also Ultrasonics, Inc. v. Eisberg (In re Ultrasonics, Inc.)*, 269 B.R. 856, 860-61 (Bankr. D. Idaho 2001) (setting aside default judgment even though defendant had listed the service address as his permanent mailing address on a business document. The court stated that "[n]ot every address where a defendant has at one time or for some purpose conducted business will necessarily suffice. The use of the adjective 'regularly' connotes more than that."). In this case, Defendant never conducted business at this address. Defendant has continually resided at 1030 Highlands Plaza Drive, St. Louis, Missouri, 63110 since July 24, 2014 as attested to in Defendant's Affidavit.

14. Service at a defendant's temporary residence, rather than a defendant's dwelling house or usual place of abode, also is not effective. *See Eide v. Haas (In re H & W Motor Express Co.)*, 2004 Bankr. Lexis 1554 (N.D. Io. 2004) (finding that a marina where defendants kept a boat and had telephone service did not qualify as a "usual place of abode" under Fed. R. Bankr. P. 7004).

15. Because service of process by first class mail is a rare privilege intended to reduce the costs and delays of litigation, it is especially important that constitutional due process and the requirements of federal rules be considered. *See Mason v. Star Bank, Nat'l*

*Ass'n (In re Artesian Indus.),* 1994 Bankr. LEXIS 1394, 12-14 (Bankr. N.D. Ohio 1994) (citing *In re Braden,* 142 Bankr. 317 (Bankr. E.D. Ark. 1992) (In light of the comparatively abbreviated procedure in bankruptcy, it is of great importance that persons effecting service provide correct notice in accord with the rules.). Thus, actual notice should not suffice. *See Mason*, 1994 Bankr. Lexis 1394, 15-17.

16. Even if this Court does not find that service was improper, the default should still be set aside for "good cause" pursuant to Fed. R. Civ. Pro. 55(c) (applicable via Rule 7055); *Tanana Valley Med. Clinic LLC v. Drapeau (In re Drapeau)*, 2008 Bankr. Lexis 1219 (Bankr. W.D. Wash. 2008).

17. To determine whether "good cause" exists to set aside the default, courts will consider the following factors: "(1) whether the defaulting party took prompt action to vacate the default; (2) whether the defaulting party provided a plausible excuse for the default; (3) whether the defaulting party presented a meritorious defense; and (4) whether the party not in default will be prejudiced if the default is set aside." *Cielinski v. Sandlin (in Re Sandlin),* 2002 Bankr. LEXIS 1155, 6 (Bankr. M.D. Ga. Feb. 8, 2002).

18. Although these are also similar to the factors that courts will consider when vacating a default judgment, the standard is much more lenient and liberal when vacating a default versus a default judgment. *Tanana Valley Med Clinic LLC* at 4. *See Also Cielinski v. Sandlin (in Re Sandlin),* 2002 Bankr. LEXIS 1155, 5 (Bankr. M.D. Ga. Feb. 8, 2002); *See also In re Bernstein*, 113 B.R. 172, 173, (Bankr. D.N.J. 1990) ("[i]t must be pointed out that there is a significant difference between the setting aside of the entry of the default and setting aside of a default judgment"). The drafters of the Federal Rules of Civil Procedure differentiated between the standard for a default and the standard for a default

judgment. *Waggoner v. United States (In re Waggoner)*, 2007 Bankr. LEXIS 3546 (Bankr. N.D. Tex. 2007). While "mistake, inadvertence, surprise, or excusable neglect," are often the grounds used to overturn default judgments, courts acknowledge that "good cause" means "something less" than those specific grounds. *See Waggoner* at 8.

19. Courts heavily consider whether the Defendant has a meritorious defense, and "[r]elief is generally afforded when a defaulting party is able to present certain basic explanations for the inaction which gave rise to the default." *Waggoner* at 10-11 "Since the rule does not limit the determination to 'good cause for inaction,' other reasons that have more to do with the efficacy or fairness of opening a default entry may be considered as a matter of equity." *Waggoner* at 11. In *Waggoner,* the court held that even though service had been proper under Fed. R. Bankr. P. 7004, relief from default should still be granted because the defendant raised a meritorious defense.

20. Furthermore, the court does not need to conduct a mini trial, and the defendant does not need to prove the likelihood of success of the meritorious defenses. *Mason v. Star Bank, Nat'l Ass'n (In re Artesian Indus.),* 1994 Bankr. LEXIS 1394 (Bankr. N.D. Ohio 1994).

21. Here, Defendant can establish several meritorious defenses. Specifically, as outlined in Defendant's Answer and Affirmative Defenses, Defendant will show, among other things, that the transfers were wage payments and expense reimbursements that were 1) made in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2); 2) made in exchange for contemporaneous value pursuant to 11 U.S.C. § 547(c)(1); and 3) added new subsequent value to Company pursuant to 11 U.S.C. § 547(c)(4). Defendant provided

reasonably equivalent value in exchange for the alleged transfers, and Defendant received the transfer in good faith.

22. The additional factors for this Court to consider also fall in favor of the Defendant: 1) The length of delay from the date on which Defendant learned of the default until moving to set aside is minimal, as the default was entered less than two weeks ago on 12/23/14, and Defendant discovered that a Motion for Default had been filed in the case on 12/22/14; 2) Defendant was improperly served at an address where he does not regularly reside or conduct business as asserted in the statements in the attached affidavit, and Defendant was not willfully failing to follow court rules; 3) the affirmative defenses which were set forth above; and 4) Plaintiff will not be prejudiced if the default is vacated.

23. Thus, for the aforementioned reasons, good cause has been demonstrated and the default should be set aside so that this case may be decided on the merits.

24. Additionally, the Chapter 7 Trustee consents to the relief requested based on his review of the attached affidavit.

**WHEREFORE**, Defendant respectfully requests that this Court set aside the default entered and any other relief this court deems just and proper.

s/ C. Todd Marks
C. Todd Marks, Esq.
Florida Bar No. 019124
Kelly M. Albanese, Esq.
Florida Bar No. 0084280
**WESTCHASE LAW, P.A.**
12029 Whitmarsh Lane
Tampa, FL 33626
813-490-5211 (telephone)
813-463-0187 (facsimile)
Attorneys for **Defendant**

## Certificate of Service

I certify that a copy of the foregoing has been furnished by United States Mail on the following **Hugo S. deBeaubien, Esquire** and **Steven M. Berman, Esquire**, Shumaker, Loop & Kendrick LLP, 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602 on this 5th day of ~~January~~ February 2015:

                                            s/ C. Todd Marks
                                            C. Todd Marks, Esq.
                                            Kelly M. Albanese, Esq.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**                                                BANKRUPTCY CASE NO.: 8:12-bk-06471-CPM

Savtira Corporation                        ADVERSARY PROCEEDING NO.: 8:14-AP-00985-CPM

      Debtor(s)
_____

Doublas N. Menchise

      Plaintiff(s)

vs.

Timothy Roberts

Defendant(s).
_____/

**AFFIDAVIT OF TIMOTHY ROBERTS**
**IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    BEFORE ME, the undersigned authority, personally appeared TIMOTHY ROBERTS, who is personally known to me or produced valid identification, and who after being first duly sworn, did depose and say on oath that:

1.     My name is Timothy Roberts.

2.     I am the Defendant in the above-styled adversary proceeding.

EXHIBIT "A"

3. I have personal knowledge of the facts and circumstances relevant to and surrounding the actions taken by the Plaintiff that are the subject of the above-styled action.

4. My personal knowledge of the relevant facts and my ability to verify the truth thereof is derived from my employment at Savtira Corporation.

5. The following facts set forth herein are true and correct based upon my personal knowledge:

(a) I have read the Motion for Clerk's Default (the "**Motion**") filed by Plaintiff, Douglas N. Menchise as Chapter 7 Trustee for Savtira Corporation ("**Trustee**").

(b) The Motion states that the Complaint was sent to 1461 Sycamore Manor Drive, Chesterfield, Missouri 63017 and alleges that this is my address or usual place of abode.

(c) This is not, in fact, the address where I reside or my usual place of abode, nor do I regularly conduct business at this address.

(d) I reside at the following address: 1030 Highlands Plaza Drive East #514, St. Louis, Missouri 63110.

(e) I discovered the default on December 22, 2014 while visiting my mother.

(f) The transfers made to me by Savtira were wage payments and expense reimbursements per the standard policies and procedures of Savtira as outlined in my Answer and Affirmative Defenses.

2

FURTHER AFFIANT SAYETH NOT.

_____
TIMOTHY ROBERTS

SWORN AND SUBSCRIBED before me this  5  day of  January  2015 by Timothy Roberts who is personally known to me or who produced the following identification: _____.

_____
NOTARY PUBLIC
My Commission Expires

[Notary Seal: AYESHA SEHGAL, My Commission Expires 07/11/2017, NOTARY PUBLIC, NOTARY SEAL, #13502133, St. Charles County, STATE OF MISSOURI]

EXHIBIT "A"

3