**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**                                                      CASE NO.: 8:12-bk-06471-CPM

Savtira Corporation                                   ADVERSARY PROCEEDING NO.: 8:14-AP-00985-CPM

      Debtor(s)

Douglas N. Menchise

      Plaintiff(s)

vs.

Timothy Roberts

Defendant(s).
_____/

**DEFENDANT'S, TIMOTHY ROBERTS,**
**ANSWER AND AFFIRMATIVE DEFENSES**

    1.) The allegations of paragraph 1 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, such allegations are denied.

    2.) Admitted for jurisdictional purposes only.

    3.) Admitted for jurisdictional purposes only.

    4.) Defendant is without knowledge; therefore denied.

    5.) Admitted for jurisdictional purposes only.

    6.) The allegations of paragraph 6 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, such allegations are denied.

    7.)    Without knowledge; therefore denied.

    8.)    Admitted.

9.) Denied as stated.

10.) Denied.

11.) Denied.

12.) Denied.

13.) Denied.

14.) Defendant incorporates his responses to the preceding paragraphs herein.

15.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint, and such allegations are therefore denied.

16.) Denied.

17.) Defendant incorporates his responses to the preceding paragraphs herein.

18.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint, and such allegations are therefore denied.

19.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint, and such allegations are therefore denied.

20.) Denied.

21.) The allegations of paragraph 21 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, such allegations are denied.

22.) Defendant incorporates his responses to the preceding paragraphs herein.

23.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint, and such allegations are therefore denied.

24.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint, and such allegations are therefore denied.

25.) Denied.

26.) Denied.

27.) Denied.

28.) Denied.

29.) The allegations of paragraph 29 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, such allegations are denied.

30.) Defendant incorporates his responses to the preceding paragraphs herein.

31.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint, and such allegations are therefore denied.

32.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 32 of the Complaint, and such allegations are therefore denied.

33.) Denied.

34.) Denied.

35.) The allegations of paragraph 35 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, such allegations are denied.

36.) Defendant incorporates his responses to the preceding paragraphs herein.

37.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint, and such allegations are therefore denied.

38.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint, and such allegations are therefore

denied.

39.) Denied.

40.) Denied.

41.) Denied.

42.) Denied.

43.) Denied.

44.) The allegations of paragraph 44 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, such allegations are denied.

45.) Defendant incorporates his responses to the preceding paragraphs herein.

46.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint, and such allegations are therefore denied.

47.) Denied.

48.) Denied.

49.) Denied.

50.) Denied.

51.) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint, and such allegations are therefore denied.

52.) Denied.

53.) The allegations of paragraph 53 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, such allegations are denied.

54.) Defendant incorporates his responses to the preceding paragraphs herein.

55.) Denied.

56.) The allegations of paragraph 56 of the Complaint constitute legal conclusions to

which no response is required; to the extent a response is required, such allegations are denied.

    57.)    Defendant incorporates his responses to the preceding paragraphs herein.

    58.)    Admitted.

    59.)    The allegations of paragraph 59 of the Amended Complaint constitute legal conclusions to which no response is required; to the extent a response is required, such allegations are denied.

    60.)    Denied.

## GENERAL DENIAL

Defendant hereby denies each and every allegation of the Complaint not expressly admitted by the foregoing Answer.

## FIRST AFFIRMATIVE DEFENSE:
## FAILURE TO STATE A CAUSE OF ACTION

Defendant asserts that Plaintiff failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:
## CONTEMPORANEOUS EXCHANGE FOR NEW VALUE

Defendant asserts the Complaint is barred by the contemporaneous exchange for new value defense under 11 U.S.C. § 547(c)(1).

## THIRD AFFIRMATIVE DEFENSE:
## SUBSEQUENT NEW VALUE

The relief requested in the Complaint is barred by the subsequent new value defense under 11 U.S.C. § 547(c)(4). The transfers were to or for the benefit of Debtor, and after the transfers, Debtor received new value to its benefit.

## FOURTH AFFIRMATIVE DEFENSE:
## ORDINARY COURSE OF BUSINESS

Defendant asserts that the relief requested in the Complaint is barred by the ordinary course of business defense under 11 U.S.C. § 547(c)(2).  The transfers were made in payment of debts incurred in the ordinary course of business and financial affairs of the Debtor and made according to ordinary business terms.

## FIFTH AFFIRMATIVE DEFENSE:
## GOOD FAITH

Defendant asserts that at all times Defendant, as an officer of the Company, acted in good faith. Defendant did not possess the actual intent to hinder, delay, or defraud its creditors as Plaintiff alleges.  Defendant neither knew, nor should have known, of the fraudulent nature of the transfers.

## SIXTH AFFIRMATIVE DEFENSE:
## DISTRIBUTIONS TO SHAREHOLDERS

Defendant asserts that transfers made were not distributions to shareholders, but to the extent that they were, they were authorized by Fla. Stat. § 607.06401.

## SEVENTH AFFIRMATIVE DEFENSE:
## SOLVENCY

Defendant asserts that Savtira Corporation was solvent at the time the allegedly preferential payments were made.  At the time of the alleged transfer, the Debtors did not intend to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

## EIGHTH AFFIRMATIVE DEFENSE:
## FOR VALUE AND IN GOOD FAITH; FLA. STAT. § 726.109

Defendant provided reasonably equivalent value in exchange for the alleged transfers, and they received the transfer in good faith.

## NINTH AFFIRMATIVE DEFENSE
## SUBJECT MATTER JURISDICTION

Defendant asserts that this Court lacks subject matter jurisdiction over the state law claims alleged in the Complaint.

## PRAYER

WHEREFORE, Defendant respectfully requests that:

1. The Trustee take nothing by its Complaint;

2. The Court dismiss the Complaint with prejudice;

3. The Court award the Defendant reasonable and necessary attorney's fees, costs and expenses, including costs of court, and such additional and further relief as this Court may deem just and proper.

    s/ C. Todd Marks
    C. Todd Marks, Esq.
    Florida Bar No. 019124
    Kelly M. Albanese, Esq.
    Florida Bar No. 0084280
    **WESTCHASE LAW, P.A.**
    12029 Whitmarsh Lane
    Tampa, FL 33626
    813-490-5211 (telephone)
    813-463-0187 (facsimile)
    Attorneys for **Defendant**

## Certificate of Service

I certify that a copy of the foregoing has been furnished by United States Mail on the following **Hugo S. deBeaubien, Esquire** and **Steven M. Berman, Esquire**, Shumaker, Loop & Kendrick LLP, 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602 on this 10th day of March 2015:

                                              s/ C. Todd Marks
                                              C. Todd Marks, Esq.