**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**                                    **BANKRUPTCY CASE NO.: 8:12-bk-06471-CPM**

**Savtira Corporation**                       **ADV. PRO. NO.: 8:14-AP-00985-CPM**

_____**Debtor(s)**_____

**Douglas N. Menchise**

    **Plaintiff(s)**

**vs.**

**Timothy Roberts**

    **Defendant(s).**

_____/

<u>**DEFENDANT'S, TIMOTHY ROBERTS,**</u>
<u>**INITIAL DISCLOSURES**</u>

      Defendant, Timothy Roberts, by and through his undersigned counsel, hereby files the following Initial Disclosures in compliance with Rule 26 of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure.

      1.)    **Fed. R. Civ. P. 26(a)(1)(A)(i)**:  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

      **Terrance Taylor**
      Subject(s): Mr. Taylor was the CFO of Savtira Corporation who has knowledge regarding the Defendants' dealings with and relationship to the Debtor and, in particular, regarding the transfers at issue in this case.

      **Timothy Roberts**
      Subject(s): Mr. Roberts was the CEO of Savtira Corporation who has knowledge regarding the Defendants' dealings with and relationship to the Debtor and, in particular, regarding the transfers at issue in this case.

**Denise Cancelliere**

Subject(s): Ms. Cancelliere was the Director of Recruiting and HR of Savtira who administered the benefit plans for the Debtor and may have information about regular payroll activity for the Debtor.

**Todd Wallace**

Subject(s): Mr. Wallace was the COO of Savtira Corporation who has knowledge regarding the Defendants' dealings with and relationship to the Debtor and, in particular, regarding the transfers at issue in the case and more specifically concerning the reinstatement of the Blue Cross Blue Shield Policy.

**Eileen Aviles**

Subject(s): Ms. Aviles was the Enrollment Maintenance & Billing Advocate for Blue Cross Blue Shield of Florida who may have information regarding the transfers at issue in this case and more specifically concerning the reinstatement of the Blue Cross Blue Shield Policy.

**Mark D. Adolph**

Subject(s): Mr. Adolph was the Executive Vice President and Chief Financial Officer, of Hostway Corporation, who may have information regarding the transfers at issue in this case and more specifically concerning payments to Hostway.

Additional vendor account representatives related to payments made (Hostway, BCBS, Paychex, etc.) shall be disclosed when specifically identified which Defendant may use to support his defense in this case.

2.)    **Fed. R. Civ. P. 26(a)(1)(A)(ii)**: A copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless solely for impeachment:

**Douglas N. Menchise as Chapter 7 Trustee is in possession of ALL documents, electronically stored information, and tangible things.**

**Defendant Taylor is in possession of a laptop with electronic payroll records, accounts payable and vendor payment and balance information, wire transfer reports, employment agreements for Timothy Roberts and Terrance Taylor, W-2s, and emails relating to vendor payments and balances. A secure Dropbox account with relevant documents has been created.**

3.)    **Fed. R. Civ. P. 26(a)(1)(A)(iii)**: A computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

**Amount of Avoidable Transfer: $0.00.**

4.)    **Fed. R. Civ. P. 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**None.**

s/ C. Todd Marks
C. Todd Marks, Esq.
Florida Bar No. 019124
Kelly M. Albanese, Esq.
Florida Bar No. 0084280
**WESTCHASE LAW, P.A.**
12029 Whitmarsh Lane
Tampa, FL 33626
813-490-5211 (telephone)
813-463-0187 (facsimile)
Attorneys for **Defendant**

## Certificate of Service

I certify that a copy of the foregoing has been furnished by the Court's Electronic Filing Noticing and/or U.S. Mail to the following: **Hugo S. deBeaubien, Esquire** and **Steven M. Berman, Esquire**, Shumaker, Loop & Kendrick LLP, 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602 on this 26th day of June 2015.

s/ C. Todd Marks
C. Todd Marks, Esq.
Kelly M. Albanese, Esq.